TERRY R. MILLER (Colo. Bar No. 39007)
admitted *pro hac vice*
Email: millert@sec.gov
Attorney for Plaintiff
Securities and Exchange Commission
Terry R. Miller, Senior Trial Counsel
1961 Stout Street, Suite 1700
Denver, Colorado 80294
Telephone: (303) 844-1041
Facsimile: (303) 297-3529

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CAPSOURCE, INC.,<br>STEPHEN J. BYRNE, and<br>GREGORY P. HERLEAN<br>　　　　Defendants. | Case No. 2:20-cv-02303-RFB-DJA<br><br>**JUDGMENT AS TO DEFENDANT CAPSOURCE, INC.** |

　　　Plaintiff, the Securities and Exchange Commission (the "Commission") having filed a Complaint and Defendant CapSource, Inc. ("CapSource" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

　　　IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

  (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

  (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

  (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

  (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under

Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)], by using any means or instrumentality of interstate commerce, to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) while not associated with a broker or dealer registered in accordance with subsection Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  The Court shall determine the amounts of the disgorgement and civil penalty upon motion

of the Commission.  Prejudgment interest shall be calculated from the dates of the violations, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the agreements set forth therein, including, but not limited to:

(a) <u>Retention of Chief Restructuring Officer</u>.  Within fourteen days (14) days after the date of this Judgment, Defendant shall engage Goeff Winkler (of American Fiduciary Services LLC) to serve as Chief Restructuring Officer for CapSource (the "CRO"), and provide a copy of this Judgment to the CRO.  The CRO shall only be removed by Order of the Court upon motion by the Commission.  If the CRO resigns or is otherwise unwilling or unable to perform his responsibilities as set forth in this Judgment, the Commission may petition the Court for

|   |   |   |   |
|---|---|---|---|
| 1 | | | appointment of a receiver over CapSource, which neither Defendant nor any of the defendants in this action will oppose. The CRO's compensation and expenses shall be borne exclusively by defendants Stephen J. Byrne ("Byrne") and Gregory P. Herlean ("Herlean"); |
| | (b) | | Responsibilities of CRO. Defendant shall require the CRO to: |
| | | (1) | as soon as practicable and with a view towards an efficient recovery, wind down the business of CapSource (including pursuing payment of or settling any outstanding notes CapSource services) and liquidate its property and preserve the cash proceeds to satisfy a monetary judgment benefiting the Commission, if any; |
| | | (2) | serve in a fiduciary capacity by acting in good faith and in the best interests of investors in the securities offered and sold by CapSource; |
| | | (3) | within thirty (30) days after the end of each calendar quarter, file with the Court and serve the Commission a full report and accounting concerning CapSource (the "Quarterly Status Report"), reflecting (to the best of the CRO's knowledge as of the period covered by the report) the existence, value, and location of all CapSource's assets, and of the extent of its liabilities, both those claimed to exist by others and those the CRO believes to be legal obligations of CapSource. The Quarterly Status Report shall contain the following: |
| | | | (A) a summary of the operations of CapSource; |
| | | | (B) the amount of CapSource's cash on hand and unencumbered funds; |
| | | | (C) a schedule of CapSource's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second |

        column for the entire duration of the CRO's service;

    (D)    a description of all known property belonging to CapSource, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

    (E)    a description of liquidated and unliquidated claims held by CapSource, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

    (F)    a list of all known creditors of CapSource, with their addresses and the amounts of their claims;

    (G)    the status of any creditor claims proceedings, after such proceedings have been commenced; and

    (H)    the CRO's recommendations for a continuation or discontinuation of the CRO's service and the reasons for the recommendations;

(4)    cooperate with Commission and its staff and any receiver appointed by the Court in this matter or any other civil action brought by the Commission and arising out of the same facts as the Complaint in this matter; and

(5)    not oppose any petition for appointment of a receiver over CapSource filed by the Commission for any reason the Defendant may not oppose such petition as set forth in this Judgment;

(c)    <u>Authority of the CRO</u>.  To carry out his responsibilities, Defendant shall authorize and grant the CRO the following powers:

    (1)    the sole power to operate and act for CapSource, but the CRO

                    may, in his discretion, consult with defendants Byrne and Herlean with respect to CapSource business matters;

        (2)    the power to take any action that Byrne or Herlean could have taken as managers/officers of CapSource prior to their resignation;

        (3)    the power gather, control, and dispose of CapSource's property (e.g., bank accounts, loan servicing fees, contractual rights, claims), including the right to sue or collect from third parties any property or records of CapSource;

        (4)    the power to perform, in conjunction with third parties, CapSource's note servicing obligations, including exercising any rights CapSource has with respect to foreclosure, modification, forbearance, and other methods to mitigate losses associated with non-performing notes;

        (5)    the power to use CapSource property or take actions as needed to benefit or preserve CapSource's assets, including actions to prevent the dissipation or concealment of CapSource's property;

        (6)    the power to defend against all claims asserted against CapSource, including the power to consent to a monetary judgment with the Commission; and

        (7)    the power to hire experts (and pay them reasonable compensation) to assist in the performance of his duties.

(d)    No later than ten (10) days following the date of the CRO's engagement, Defendant shall provide the Commission staff with a copy of the engagement letter detailing the CRO's responsibilities and powers as set forth in this Judgment;

(e)    No later than ten (10) days following the date of the CRO's engagement, Defendant shall provide the Commission staff with a certification, in writing, that Defendant, Byrne, and Herlean have no pre-existing

|   |   |
|---|---|
|   | agreements or other relationships with the CRO and that the CRO has not received any advance fees; |
| (f) | Defendant shall, upon request by Commission staff, provide the Commission staff with copies of any billing statements for the CRO's fees, detailing the services billed; |
| (g) | Defendant shall, upon request by Commission staff, certify, in writing, compliance with the agreements set forth above.  The certification shall provide written evidence of compliance in the form of a narrative, and be supported by exhibits sufficient to demonstrate compliance.  The Commission staff may make reasonable requests for further evidence of compliance, and Defendant agrees to provide such evidence.  Defendant shall submit the certification and supporting material to Ian S. Karpel, Assistant Regional Director, with a copy to the Office of Chief Counsel of the Enforcement Division, no later than sixty (60) days from the date of the request for certification. |

If Defendant fails to comply any of the agreements set forth in this paragraph, the Commission may petition the Court for the appointment of a receiver over CapSource, which Defendant will not oppose.  Defendant will also not oppose any petition for appointment of a receiver over CapSource filed by the Commission based on the failure of any other defendant in this action to comply with agreements set forth in their consents and judgments.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: May 5, 2021

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE