UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Securities and Exchange Commission,<br><br>Plaintiff,<br><br>v.<br><br>CapSource, Inc., et al.,<br><br>Defendants. | Case No. 2:20-cv-02303-RFB-DJA<br><br>**Order** |

Plaintiff—the Securities and Exchange Commission—moves the Court to appoint a receiver over Defendant CapSource, Inc. (ECF No. 12). Defendants did not file a response. Because Defendants did not file a response and because the Court finds that a receivership would further the goals of the underlying judgment and securities laws, the Court grants Plaintiff's motion for a receiver.

**I.  Background.**

CapSource was a company which offered and sold securities to finance real estate development projects. (ECF No. 12 at 1). Defendants Stephen J. Byrne and Gregory P. Herlean were officers and, combined, are majority owners of CapSource. (*Id.* at 2). In May 2021, the Court entered final judgments against Defendants Stephen J. Byrne and Gregory P. Herlean. (ECF Nos. 8, 9). Those judgments prohibited Byrne and Herlean from committing further securities violations, required them to disgorge funds, ordered them to resign from management, and required them to cooperate with the appointed Chief Restructuring Officer ("CRO")— Geoffrey B. Winkler. (ECF Nos. 8, 9). Winkler was appointed to "maximize the value of CapSource's ability to repay its victims…wind down CapSource's business and preserve its assets to satisfy a money judgment…" (ECF No. 12 at 2). The judgments also provided that if the Defendants failed to comply with "any of the agreements…the Commission may petition the Court for a receiver over CapSource, which Defendants will not oppose. Defendant[s] will also

not oppose any petition for appointment of a receiver over CapSource filed by the Commission based on the failure of any other defendant in this action to comply with agreements set forth in their consents and judgments." (ECF Nos, 8, 9 at 8-9).

Plaintiff asserts that Byrne and Herlean have hindered Winkler from fulfilling his CRO duties by continuing to act as managers of CapSource by "authorizing expenditures, directing employees, altering loan agreements, approving the sale of properties, communicating with investors, and directing counsel." (*Id.* at 5). Plaintiff adds that Byrne failed to notify Winkler of his responsibilities under the judgment, that Byrne and Herlean did not provide Winkler with a complete investor list, and Byrne and Herlean failed to pay Winkler's fees. (*Id.* at 4-6). Based on these facts, Plaintiff moves for appointment of a receiver and requests that the Court appoint Winkler. (ECF No. 12).

## II.     Discussion.

A district court's powers to determine the appropriate relief in an equity receivership are broad. *S.E.C. v. Hardy*, 803 F.2d 1034, 1037 (9th Cir. 1986). "The basis for broad deference to the district court's supervisory role in equity receiverships arises out of the fact that most receiverships involve multiple parties and complex transactions." *Id.* The Ninth Circuit's decision in *S.E.C. v. Wenck* stands for the proposition that furthering subsidiary policies of securities laws are legitimate justifications for imposing a receivership. *See S.E.C. v. Wenck*, 622 F.2d 1363, 1372 (9th Cir. 1980). There, the Ninth Circuit noted that the district court's approval of a receivership furthered the policies of marshalling the assets of corporate entities, preserving those assets against further misappropriation and dissipation, and clarifying the financial affairs of the entities for the benefit of innocent shareholders. *See id.* It thus found that the district court had legitimate justifications to impose a receivership. *See id.* Under Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion. LR 7-2(d).

The Court exercises its broad discretion to grant Plaintiff's motion for appointment of a receiver. Plaintiff has represented that CapSource conducts complex transactions and that its management involves two individuals—Byrne and Herlean—who were officers and majority

owners of CapSource. Imposing the receivership would also further the policies of marshalling corporate assets, preserving those assets, and clarifying CapSource's financial affairs for shareholders. Winkler was appointed to ensure that CapSource's victims are paid, that CapSources' assets are preserved, and to wind down CapSource's business. Because Plaintiff asserts that Byrne and Herlean are interfering with Winkler's ability as CRO to accomplish these goals, the Court finds that appointing Winkler as receiver would further them.

Finally, the Court's judgment authorized Plaintiff to move for a receiver if Byrne and Herlean did not comply with the judgment terms and prohibited them from objecting to the motion. (ECF Nos. 8, 9, at 8-9). Consistent with this judgment, Defendants have not responded to the motion. They have thus consented to the granting of the motion under the Local Rules.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for a receiver (ECF No. 12) is **granted.** Plaintiff is directed to file a proposed order appointing Winkler as a receiver by **July 5, 2022**.

DATED: June 6, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE