KARA B. HENDRICKS, Bar No. 7743
hendricksk@gtlaw.com
KYLE A. EWING, Bar No 14051
ewingk@gtlaw.com
CHRISTIAN T. SPAULDING, Bar No. 14277
spauldingc@gtlaw.com
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*Attorneys for Receiver Geoff Winkler*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CAPSOURCE, INC., STEPHEN J. BYRNE, AND GREGORY P. HERLEAN,<br><br>Defendants. | CASE NO. 2:20-CV-02303-RFB-DJA<br><br>**ORDER GRANTING RECEIVER'S MOTION FOR APPROVAL OF:**<br><br>**(1) INTERIM DISTRIBUTION PLAN**<br><br>-AND-<br><br>**(2) PROCEDURES FOR DISPOSITION OF THE ESTATE'S INTERESTS IN CERTAIN REAL PROPERTY** |

Presently before the Court is Receiver Geoff Winkler's Motion for Approval of (1) the Receiver's Interim Distribution Plan and (2) Procedures for the Disposition of the Estate's interests in Certain Real Property, ECF No. 048. Having reviewed the Motion and found that notice of the same was proper, and with no opposition having been filed, the Court finds that good cause exists to grant the Motion for the reasons set forth by the Receiver in his brief.

Specifically, the court finds the interim distributions proposed by the Receiver, as well as the Receiver's proposed procedures for the disposition of certain real property or interests in real property belonging to the Receivership Estate, are appropriate, proper, and equitable under the circumstances identified by the Receiver.

/ / /

ACTIVE 686526314v1

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that Receiver Geoff Winkler's Motion for Approval of (1) the Receiver's Interim Distribution Plan and (2) Procedures for the Disposition of the Estate's interests in Certain Real Property, (ECF Nos. 48 and 49) are **GRANTED** in accordance with the terms set forth in the Motion.

**IT IS FURTHER ORDERED** that the Receiver is authorized to make *pro rata* distributions to certain CapSource creditors on an interim basis consistent with the terms proposed in the Receiver's Motion (the "Interim Distributions"). Interim Distributions will be made only when the Receiver collects funds (i) in the form of periodic payments of interest and/or principal associated with a particular CapSource loan ("Periodic Payments") or (ii) resulting from the sale or other disposition of the Receivership Estate's interest in real property ("Disposition Payments").

**IT IS FURTHER ORDERED** that the Receiver may announce and make Interim Distributions on a quarterly basis with distributions for any Payments collected during a given calendar quarter being provided to qualifying creditors forty-five (45) days after the last day of that quarter.

**IT IS FURTHER ORDERED** that the Receiver shall make Interim Distributions on a loan-by-loan basis such that distributions for a particular CapSource loan are made to each of the known investors for that specific loan and to those creditors only.

**IT IS FURTHER ORDERED** that the Receiver shall determine the prorated amount of Interim Distribution for each specific investor by multiplying the total Interim Distribution associated with a particular CapSource loan by a ratio equal to the investor's share of the total investment from *all* investors for that loan, rounding as appropriate.

**IT IS FURTHER ORDERED** that the Receiver shall cease making interim payments to any investor once that investor has received total distributions– including any payments of principal and/or interest made over the course of the loan prior to appointment of the Receiver – in an amount equal to the investor's original principal investment for that loan.

/ / /

/ / /

/ / /

ACTIVE 686526314v1

**IT IS FURTHER ORDERED** that the Receiver shall hold back forty percent (40%) of each Interim Distribution comprised of Disposition Payments, holding such funds as property of the Receivership Estate to be addressed subsequently through the Court's approval and resolution of a global claims and distribution process encompassing all remaining claimants.

**IT IS FURTHER ORDERED** that the Receiver shall hold back twenty-five percent (25%) of each Interim Distribution comprised of Periodic Payments, holding such funds as property of the Receivership Estate to be addressed subsequently through the Court's approval and resolution of a global claims and distribution process encompassing all remaining claimants.

**IT IS FURTHER ORDERED** that the Receiver is authorized to employ the procedures described in the Motion for pursuing disposition of the Receivership Estate's interests in real property and/or claims secured by an interest in real property, subject to further court order approving the specific proposed disposition for each such interest or claim.

**IT IS FURTHER ORDERED** that the Proposed Procedures identified in the Motion are modified to require that notice of any sale be published for four consecutive weeks - rather than the three weeks identified in the Motion - prior to the sale to comply with the requirements of 28 U.S.C. 2002. This change specifically modifies the following portions of the Motion: (1) page 16, lines 4 and 16 and the second to last sentence of footnote 47; and (2) page 18, line 12.

DATED: August 2, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

ACTIVE 686526314v1